**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRUCE D. BARON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG, <br><br> Defendants. | Case No. 1:25-cv-01877-AMD-LKE |

**MEMORANDUM OF LAW IN SUPPORT OF SOJ COMPANY, LLC'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

SOJ COMPANY, LLC ("SOJ") respectfully submits this memorandum of law in support of its motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1)  appointing SOJ as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving SOJ's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired Canopy Growth Corporation ("Canopy" or the "Company") securities between May 30, 2024 and February 6, 2025, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that SOJ is the "most adequate plaintiff" as defined by the PSLRA.

SOJ believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on its financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, SOJ satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other class members' claims and it is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, SOJ respectfully

submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, SOJ's selection of GPM and Holzer as co-lead counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Canopy, together with its subsidiaries, produces, distributes, and sells cannabis and hemp-based products for recreational and medical purposes. The Company's products include, *inter alia*, pre-rolled cannabis cigarettes and its Storz & Bickel brand vaporizer devices. In November 2024, Canopy announced that it had launched "award-winning California grown Claybourne brand" pre-rolled joints in Canada through an exclusive licensing agreement with Claybourne Co. ("Claybourne").

The complaint in the above-captioned action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants failed to disclose to investors the following material facts: (1) Canopy had incurred significant costs producing Claybourne pre-rolled cannabis cigarettes in connection with the Claybourne product launch in Canada; (2) the foregoing costs, in addition to certain indirect costs that Canopy incurred in connection with its Storz & Bickel vaporizer devices, were likely to have a significant negative impact on the Company's gross margins and overall financial results; (3) accordingly, Defendants had overstated the efficacy of Canopy's cost reduction measures and the health of its gross margins while downplaying issues with the same; and (4) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On February 7, 2025, Canopy released its third quarter fiscal year 2025 financial results, missing consensus estimates and reporting that its gross margin had decreased by 400 basis points to 32% "due to the incremental costs related to the Claybourne infused pre-roll launch in Canada, and an increase in indirect costs of Storz & Bickel vaporizer devices."

On this news, Canopy's stock price fell $0.76, or 27.3%, to close at $2.02 per share on February 7, 2025, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   SOJ Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

3

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, SOJ satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. SOJ has, to the best of its knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, SOJ is not aware of any unique defenses the defendants could raise against it that would render it inadequate to represent the class. Accordingly, SOJ respectfully submits that it should be appointed lead plaintiff. *See Comeau v. VinFast Auto Ltd.*, 2024 WL 4654216, at *2 (E.D.N.Y. Nov. 1, 2024).

### 1.  SOJ Filed a Timely Motion

SOJ has made a timely motion in response to a PSLRA early notice. On April 4, 2025, pursuant to the PSLRA, notice was published in connection with the filed action against Defendants herein. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, SOJ had sixty days (*i.e.*, until June 3, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of Canopy securities during the Class Period, SOJ is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in its PSLRA certification, SOJ attests that it has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, SOJ satisfies the first requirement to serve as lead plaintiff for the class.

4

### 2.    SOJ Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, SOJ believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

SOJ purchased Canopy securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $1,462,718.36. *See* Linkh Decl., Ex. C. To the best of its knowledge, SOJ is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, SOJ believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See VinFast*, 2024 WL 4654216, at *2.

### 3.    SOJ Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two of Rule 23's requirements—typicality and adequacy—are

satisfied." *David v. Brit. Am. Tobacco P.L.C.*, 2024 WL 4351311, at *5 (E.D.N.Y. Sept. 30, 2024) (citation omitted).

### a)        SOJ's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a movant's claims arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *British American Tobacco*, 2024 WL 4351311, at *5.

SOJ's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, SOJ alleges that the Defendants' material misstatements and omissions concerning Canopy's business, operations, and financial prospects violated the federal securities laws. SOJ, like all members of the class, purchased Canopy securities in reliance on the Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, SOJ's interests and claims are "typical" of the interests and claims of the class.

### b)        SOJ Is an Adequate Representative

The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *Id.*

Here, SOJ has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and its financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. SOJ is a Florida LLC, and Mr. Najnudel, who is the Manager of SOJ, has approximately 19 years of experience trading in the stock and futures market. SOJ is also not aware of any conflict between its claims and those asserted on behalf of the class. As such, SOJ is adequate and should be appointed as lead plaintiff.

6

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); Here, SOJ has retained GPM and Holzer as co-lead counsel to pursue this litigation on its behalf and will retain the firms as the class's lead counsel in the event it is appointed lead plaintiff. GPM and Holzer possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumé attached to the Linkh Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

**IV.      CONCLUSION**

For the foregoing reasons, SOJ COMPANY, LLC respectfully requests that the Court grant its Motion and enter an Order: (1) appointing SOJ as Lead Plaintiff; (2) approving its selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: June 3, 2025                **GLANCY PRONGAY & MURRAY LLP**

By:    */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

7

Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for SOJ COMPANY, LLC and Proposed Co-Lead Counsel for the Class*

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel for SOJ COMPANY, LLC certifies that this brief contains 2,064 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On June 3, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 3, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh