**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRUCE D. BARON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG, <br><br> Defendants. | Case No. 1:25-cv-01877-AMD-LKE |

**SOJ COMPANY, LLC'S OPPOSITION TO THE COMPETING MOTIONS FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead Plaintiff Movant SOJ COMPANY, LLC ("SOJ") respectfully submits this memorandum of law in opposition to the three competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 12, 16, 17). SOJ is the presumptively most adequate plaintiff to be appointed as lead plaintiff because it has the largest financial interest and has made the required preliminary showing of its adequacy and typicality. Moreover, the presumption cannot be rebutted because no competing movant can prove that SOJ is inadequate. Accordingly, SOJ should be appointed as lead plaintiff and its selection of counsel should be approved.

## I.      INTRODUCTION

Four movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The motions were filed by SOJ (Dkt. No. 13); a group composed of Adam Palas ("Palas") and Carlos Luis Acero Herrero ("Herrero") (Dkt. No. 16), Mohammad Tayaran ("Tayaran") (Dkt. No. 12); and Allen Dennis ("Dennis") (Dkt. No. 17).

The PSLRA directs courts to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the inquiry ends, and the presumptively most adequate plaintiff should be appointed as lead plaintiff.

As demonstrated in SOJ's memorandum of points and authorities in support of its lead plaintiff motion (Dkt. No. 14), SOJ has the largest financial interest in the relief sought by the class and satisfies the requirements of Rule 23. SOJ's financial interest, as measured by its last in, first out ("LIFO") loss is $1,462,718. *See* Dkt. No. 15-3. No other movant's losses come close. As such, SOJ is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since SOJ is the presumptively most adequate plaintiff, and the presumption has not been rebutted, SOJ should be appointed as lead plaintiff, and its selection of counsel should be approved.[1]

## II.    ARGUMENT

### A.    The PSLRA-Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the movant or group of movants that "has either filed the complaint or made a motion," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

**B.      SOJ Is the Presumptively Most Adequate Plaintiff**

SOJ satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, SOJ filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 13; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa). Second, SOJ satisfies the requirements of Rule 23, as demonstrated in its memorandum of law in support of its lead plaintiff motion. *See* Dkt. No. 14 at 6-7; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Third, as explained *infra*, SOJ has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts in the Second Circuit typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Darish v. N. Dynasty Minerals Ltd.*, 2021 WL 1026567, at *5 (E.D.N.Y. Mar. 17, 2021). Of these factors, losses suffered is the most important. *See id.* In fact, to determine which movant has the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Salim v. Mobile TeleSystems PJSC*, 2019 WL 11095253, at *3 (E.D.N.Y. Sept. 11, 2019) (quoting *Takara Tr. v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005)).[2]

---

[2] *See also Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) ("The Court accordingly focuses its analysis on that factor."); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) ("The inquiry need not and should not be complicated by also considering the number of shares or the net expenditures

Most courts agree that the preferred method to calculate financial losses requires class period sales to be matched to purchases on a LIFO basis. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005); *Salim*, 2019 WL 11095253, at *3 n. 5 ("Courts in both the Second Circuit and nationwide prefer to use a LIFO calculation when assessing losses . . . ."). Indeed, LIFO is the preferred accounting method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *eSpeed*, 232 F.R.D. at 101.

Here, SOJ has, by far, the largest LIFO loss:[3]

| Movant | LIFO Loss |
|---|---|
| SOJ | $1,462,718 |
| *Palas* | *$269,281* |
| *Herrero* | *$120,042* |
| Total | $389,323 |
| Tayaran | $95,655 |
| Dennis | $30,693 |

Accordingly, SOJ has the largest financial interest in the relief sought by the class. Since SOJ also filed a timely motion, and satisfies the requirements of Rule 23, it is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

### C.    The Presumption that SOJ Is the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is

---

involved because those statistics do not advance the ball.") (quoting *In re Bally Total Fitness Sec. Litig.*, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005)).

[3] The data included in this table is derived from the movants' loss charts submitted with their lead plaintiff motions. The figures in this table may differ slightly from the figures provided in the movants' loss charts because the figures in this table are normalized using the same 90-day average price to value losses on retained shares as was used in SOJ's loss chart.

subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that SOJ would be inadequate or subject to unique defenses. As such, SOJ should be appointed as lead plaintiff, and no other movant is entitled to further consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

### D.    SOJ's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). SOJ's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as co-lead counsel for the class should be approved since the firms have the resources and experience needed to effectively conduct this litigation.  *See* Dkt. Nos. 15-4, 15-5 (firm résumés). The firms have decades of experience successfully representing injured investors. *See id.* By approving SOJ's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, SOJ's selection of lead counsel for the class should be approved. *See Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 31 (E.D.N.Y. 2019) (appointing GPM, reasoning "[GPM] is experienced in securities class action litigation"); *Li v. Spirit AeroSystems Holdings, Inc.*, 2023 WL 6938285, at *3 (S.D.N.Y. Oct. 20, 2023) (finding GPM and Holzer "are well qualified to serve as class co-counsel").

### III.    CONCLUSION

For the foregoing reasons, as well as those in its opening brief, SOJ respectfully requests that the Court grant its motion and enter an Order: (1) appointing SOJ as lead plaintiff; (2)

5

approving its selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel for the class; and (3) denying any remaining competing motions.

Respectfully submitted,

DATED: June 17, 2025     **GLANCY PRONGAY & MURRAY LLP**

By: _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

_Counsel for SOJ COMPANY, LLC and Proposed_
_Co-Lead Counsel for the Class_

6

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for SOJ COMPANY, LLC certifies that this brief contains 1,524 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On June 17, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 17, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh