**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRUCE D. BARON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG, <br><br> Defendants. | Case No. 1:25-cv-01877-AMD-LKE |

**SOJ COMPANY, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>CO-LEAD COUNSEL</u>**

Lead Plaintiff Movant SOJ[1] respectfully submits this memorandum of law in further support of its motion for appointment as lead plaintiff and approval of co-lead counsel (Dkt. No. 13, the "Motion"), and in reply to the oppositions to its Motion filed by Palas and Herrero (Dkt. No. 21, "P&H" Opp."), and Tayaran (Dkt. No. 19, "Tayaran Opp.").

SOJ is the presumptively most adequate plaintiff to be appointed as lead plaintiff because it has the largest financial interest and has made the required preliminary showing of its typicality and adequacy. Moreover, Palas and Herrero and Tayaran have failed to rebut the presumption because they have not presented ***proof*** that SOJ is inadequate. Accordingly, SOJ should be appointed as lead plaintiff and its selection of counsel should be approved.

## I.    SOJ IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF BECAUSE IT HAS THE LARGEST FINANCIAL INTEREST

As illustrated in SOJ's opposition memorandum, and provided again in the chart below, SOJ has the largest financial interest as measured by the movants' losses under the widely-accepted LIFO method. *See Salim v. Mobile TeleSystems PJSC*, 2019 WL 11095253, at *3 n.5 (E.D.N.Y. Sept. 11, 2019) ("Courts in both the Second Circuit and nationwide prefer to use a LIFO calculation when assessing losses . . . .").

| Movant | LIFO Loss |
|--------|-----------|
| SOJ | $1,462,718 |
| *Palas* | *$269,281* |
| *Herrero* | *$120,042* |
| Total | $389,323 |
| Tayaran | $95,655 |
| Dennis | $30,693 |

---

[1] Capitalized terms herein shall have the same meaning as in SOJ's opposition memorandum (Dkt. No. 20, "SOJ Opp.")

Palas and Herrero concede that SOJ has the largest financial interest because SOJ has the largest LIFO loss. *See* P&H Opp. at 1-2 (recognizing "SOJ, claims larger losses than Palas and Herrero" and acknowledging that "[c]ourts prefer the LIFO methodology for purposes of calculating losses in connection with motions for lead plaintiff appointment pursuant to the PSLRA").

Tayaran similarly recognizes that "[t]wo movants [including SOJ] claim larger losses than Mr. Tayaran." Tayaran Opp. at 1. Tayaran does not contest that SOJ has a LIFO loss of $1,462,718.

Tayaran also argues, however, that SOJ "in fact has a trading gain from its class period transactions" (Tayaran Opp. at 3 n.1), and submitted a loss calculation in which Tayaran generated a gain by disregarding much of SOJ's losses, but still counting all of SOJ's gains. *See* Dkt. No. 19-2. Tayaran has not provided any authority, however, for use of this alternative loss calculation method to the exclusion of the widely-accepted LIFO method that all movants endorsed in their initial motions.[2] Moreover, courts routinely ignore alternative loss calculations advanced after the movants have had an opportunity to review competing movants' losses, because allowing such shifts in method encourages gamesmanship. *See, e.g.*, *Twitchell v. Enovix Corp.*, 2023 WL 3170044, at *9 (N.D. Cal. Apr. 28, 2023) ("The Court will . . . utilize the LIFO calculations the movants presented in their opening briefs."). The same result is warranted here—the Court should rely on the LIFO method which is widely-accepted in this Circuit and which all movants endorsed in their initial motions.

SOJ has the largest LIFO loss, and therefore the largest financial interest in the relief

---

[2] Any new arguments Tayaran submits in favor of his alternative loss calculation method in his reply memorandum should be disregarded because "[a]rguments may not be made for the first time in a reply brief." *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016) (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)).

sought by the class. Since SOJ also filed a timely motion and made the required preliminary showing that it satisfies the requirements of Rule 23 in its opening memorandum, SOJ is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## II.   THE PRESUMPTION THAT SOJ IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The presumption that SOJ is the most adequate plaintiff may be rebutted only upon "proof" that SOJ "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Speculation and conclusory assertions do not constitute "proof." *See In re Synergy Pharms. Inc. Sec. Litig.*, 2020 WL 5763830, at *4 (E.D.N.Y. Sept. 28, 2020); *see also Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) ("Conclusory assertions and mere speculation will not suffice."). Proof demands "specific evidentiary support" of the "actual or potential conflict of interest or a unique defense." *Synergy Pharmaceuticals*, 2020 WL 5763830, at *4 (citation omitted).

Palas and Herrero and Tayaran's attacks on SOJ fail on both the facts and law. First, Palas and Herrero and Tayaran claim that SOJ is inadequate because it failed to provide sufficient background information about itself. *See* P&H Opp. at 15-19; Tayaran Opp. at 7-8. Palas and Herrero and Tayaran also argue that SOJ's trading activity renders it atypical, inadequate, and subject to unique defenses. *See* P&H Opp. at 19-24; Tayaran Opp. at 3-7. Both attacks fail.

### A.   SOJ Provided Sufficient Information About Itself To Establish Its Adequacy And Typicality To Represent The Class, And Palas And Herrero And Tayaran Have Not Proven That SOJ's Background Renders It Inadequate

As an initial matter, the PSLRA requires that movants file certifications attesting to six

points, which speak to the movants' typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(2)(A). SOJ filed the required certification in accordance with the PSLRA. *See* Dkt. No. 15-2. In fact, SOJ's certification provides more than is explicitly required by the PSLRA because it also identified Marcelo Najnudel as the Manager of SOJ and affirmed that Mr. Najnudel "is duly authorized to institute legal action on [SOJ's] behalf." *Id.* Palas and Herrero and Tayaran do not, and cannot, allege that SOJ's certification is lacking any information required by the PSLRA.

Moreover, SOJ has provided sufficient information to make the PSLRA-required preliminary demonstration of its adequacy and typicality. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). The dominant view in this District is that "[t]he adequacy requirement is satisfied where (1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the proposed lead plaintiff and class have a sufficient interest in the outcome of the case to ensure vigorous advocacy." *See Evangelista v. Late Stage Asset Mgmt., LLC*, 2025 WL 1513447, at *7 (E.D.N.Y. May 28, 2025) (cleaned up); *David v. Brit. Am. Tobacco P.L.C.*, 2024 WL 4351311, at *5 (E.D.N.Y. Sept. 30, 2024) (same); *Yang v. Tr. for Advised Portfolios*, 2022 WL 970772, at *4 (E.D.N.Y. Mar. 31, 2022) (same). Palas and Herrero and Tayaran acknowledge this standard in their opening memoranda in support of their lead plaintiff motions. *See* Dkt. No. 16-2 at 13; Dkt. No. 12-2 at 12. Palas and Herrero and Tayaran do not allege that SOJ selected unqualified counsel, has a conflict with other class members, or has an insufficient interest in the outcome of this case. As such, Palas and Herrero and Tayaran do not substantively contest that SOJ has provided sufficient information to establish the preliminary showing that it satisfies the adequacy requirement imposed by the PSLRA.

With respect to typicality, the dominant view in this District is that the movant's "claims

are typical where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See Late Stage Asset Management*, 2025 WL 1513447, at *7; *British American Tobacco*, 2024 WL 4351311, at *5 (same). Here, Palas and Herrero and Tayaran do not contest that SOJ "like all members of the purported class" asserts claims that "arise from purchasing publicly-traded [Canopy Growth] securities during the class period at prices that have been artificially inflated by Defendants' misrepresentations and omissions," and that SOJ "was damaged upon the disclosure of those misrepresentations and omissions that drove [Canopy Growth's] share price downward." *Id.* As such, Palas and Herrero and Tayaran do not substantively contest that SOJ has also provided sufficient information to establish the required preliminary showing that it satisfies the typicality requirement imposed by the PSLRA.

Some outlier courts in other districts have required more information about the movants' sophistication to demonstrate adequacy, as Palas and Herrero and Tayaran point out. *See* P&H Opp. at 15 (citing out-of-District cases); Tayaran Opp. at 7-8 (same). For example, in *Perez v. HEXO Corp.*, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020), the court denied a lead plaintiff motion ***in part*** because the movant "fail[ed] to provide *any* information regarding his experience." *Id.* at *3 (emphasis in original). *See also Gross v. AT&T Inc.*, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (cited in P&H Opp. at 17) (declining to appoint a movant who "when challenged . . . failed to respond with a ***single piece of additional information***") (emphasis added).

Here, however, SOJ provided additional background information about itself and its manager, Mr. Najnudel, in its opening motion. *See* Dkt. No. 14 at 7 ("SOJ is a Florida LLC, and Mr. Najnudel, who is the Manager of SOJ, has approximately 19 years of experience trading in

the stock and futures market."). In fact, Palas and Herrero relied on the information SOJ provided to locate public records regarding SOJ. *See* P&H Opp. at 17-18 (discussing "SOJ's regulatory filings with the Florida DOC"). As such, SOJ's lead plaintiff motion provided additional background information and pointed the other movants to additional public records regarding SOJ. Moreover, to the extent that Palas and Herrero and Tayaran had good faith questions regarding SOJ, they could have requested additional information from SOJ in the two weeks between the date SOJ filed its Motion and the date Palas and Herrero and Tayaran filed their opposition memoranda. Such requests are routine in lead plaintiff proceedings. They declined to do so.

Instead, Palas and Herrero and Tayaran have resorted to acting as if information SOJ disclosed was concealed to hide troublesome adequacy and typicality issues. This is not the case. For example, Palas and Herrero accuse SOJ of attempting to conceal the existence of one of its LLC members. *See* P&H Opp. at 18 ("SOJ chose not to disclose WWM's existence."). However, Palas and Herrero found SOJ's membership information because SOJ disclosed that it is a Florida LLC, and its member information is public. SOJ is not hiding relevant information and the fact that it is an LLC (which has members) is not nefarious, and does not render SOJ inadequate or subject to unique defenses. *See Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 357 (S.D.N.Y. 2011) (appointing lead plaintiff group that included an LLC despite attacks from competing movants "regarding the relationship between" the signatory of the LLC and the LLC); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 160 (S.D.N.Y. 2005) (appointing a group of six movants, including two LLCs, as lead plaintiff).

Palas and Herrero and Tayaran also demand additional information in order to create the appearance of adequacy issues where none exist. Specifically, Palas and Herrero demand

6

information regarding, "*inter alia*, [SOJ's] business and investment strategies . . . beneficiaries, source of capital, and financial wherewithal to continue operations." P&H Opp. at 16-17. Tayaran similarly requests the identities of the "beneficial owners" of SOJ, more "background information" about Mr. Najnudel, "how [SOJ] operates," and "why it traded so heavily in Canopy Growth securities." *See* Tayaran Opp. at 7. As an initial matter, none of these requests for additional information constitute "proof" that SOJ is inadequate. The questions are, at most, veiled speculation that SOJ is inadequate, and thus do not rebut the presumption that SOJ is the most adequate plaintiff. And while Palas and Herrero and Tayaran offer no authority mandating that SOJ answer these questions, in the interest of transparency, Mr. Najnudel submits herewith a sworn declaration attesting to the additional questions raised by Palas and Herrero and Tayaran. *See* Exhibit A (filed as an attachment to this reply memorandum).

As such, Palas and Herrero and Tayaran have failed to present proof that SOJ is inadequate or subject to unique defenses based on SOJ's purported lack of transparency.

### B.    SOJ's Trading Is Not Disqualifying

Palas and Herrero also argue that SOJ is inadequate, atypical, and subject to unique defenses on the purported basis that it is a high-frequency day trader. *See* P&H Opp. at 19-25. Tayaran similarly argues that SOJ "is clearly an investment vehicle used for day-trading" which makes SOJ "ripe for attack by Defendants." Tayaran Opp. at 4. On this basis, Palas and Herrero and Tayaran claim that SOJ is atypical, inadequate and subject to unique defenses. These attacks fail.

Being a high-frequency day trader is not disqualifying in this Circuit. *See Gilbert v. Azure Power Glob. Ltd.*, 2022 WL 17539172, at *6 (S.D.N.Y. Dec. 8, 2022) ("[C]ourts in this Circuit have permitted day traders to serve as lead plaintiffs."); *Prefontaine v. Rsch. in Motion Ltd.*, No. 11-cv-4068, 2012 WL 104770, at *4 (S.D.N.Y. Jan. 5, 2012) ("[T]he prevailing view in this

7

Circuit is that 'day and momentum traders have the same incentives to prove defendants' liability as all other class members, and their presence in a securities class does not create intra-class conflicts.'") (citation omitted); *HEXO*, 2020 WL 905753, at *4 (same); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *5 n.6 (S.D.N.Y. Oct. 30, 2019) (same).

While Palas and Herrero and Tayaran identify two in-Circuit cases that disqualified day traders, the cases are outliers and relied on additional facts not present here. For example, in *DraftKings* (cited in P&H Opp. throughout, and Tayaran Opp. at 6) the court disqualified a movant because he "fully exited his DraftKings position during the class period," and engaged in "short selling and day trading." *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *10 (S.D.N.Y. Nov. 12, 2021). Short selling, in particular, "is an investment strategy premised on the view that the stock price will fall" which "raise[s] the question of whether the seller was actually relying on the market price." *Id.* at *7 (citation omitted). SOJ did not sell short or exit its position during the class period[3]—*DraftKings* is inapposite. Similarly, the court in *Teva* disqualified a day trader who "did not individually move to be appointed" primarily because the court found that the movant was "controlled by counsel." *Galmi v. Teva Pharms. Indus. Ltd.*, 302 F. Supp. 3d 485, 505 n.10 (D. Conn. 2017) (cited in P&H Opp. at 19; Tayaran Opp. at 4). SOJ is not controlled by counsel. These two factually distinct outlier cases should not overcome the "prevailing view in this Circuit" that day traders can be adequate lead plaintiffs. *See HEXO*, 2020 WL 905753, at *4.[4]

---

[3] In fact, at no point during the class period did SOJ hold fewer than **601,501 shares**, which is far more than even the total number of shares that Palas and Herrero and Tayaran purchased during the class period, combined (158,697 shares)

[4] Tayaran also cites *Stoopler v. Direxion Shares ETF Tr.*, 2010 WL 3199679, at *4 (S.D.N.Y. Aug. 12, 2010), as corrected (Aug. 16, 2010) for the proposition that "day traders [are] potentially subject to unique defenses" (Tayaran at 4). However, the court only ***assumed for the***

Accordingly, Palas and Herrero and Tayaran have failed to prove that SOJ is inadequate or subject to unique defenses on account of its trading. As such, they have failed to rebut the presumption that SOJ is the most adequate plaintiff.

## III.    DISCOVERY IS NOT WARRANTED

Having failed to proffer the required "proof" that SOJ is inadequate or subject to unique defenses, Palas and Herrero request discovery into SOJ in order to fish for information they hope to use against it. *See* P&H Opp. at 25-26. The request should be rejected. Discovery against a competing lead plaintiff is permitted only when "the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv). Here, Palas and Herrero have provided no reasonable basis for discovery, especially in light of the declaration that SOJ has submitted herewith. Accordingly, the Court should deny Palas and Herrero's request for discovery. *See Chao Lu v. Jumei Int'l Holding Ltd.*, 2015 WL 4104570, at *3 (S.D.N.Y. June 22, 2015) ("[D]iscovery here 'will only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome.'") (citation omitted).

## IV.    CONCLUSION

For the foregoing reasons, SOJ respectfully requests that the Court appoint it as lead plaintiff, and approve its selection of Glancy Prongay & Murray LLP and Holzer & Holzer LLC as co-lead counsel for the class.

---

*sake of argument* that day traders may be subject to unique defenses and in fact appointed the day trader as lead plaintiff. *See Direxion*, 2010 WL 3199679, at *4.

Respectfully submitted,

DATED: June 24, 2025

**GLANCY PRONGAY & MURRAY LLP**

By: _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for SOJ COMPANY, LLC and Proposed*
*Co-Lead Counsel for the Class*

10

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for SOJ COMPANY, LLC certifies that this brief contains 2,807 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On June 24, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 24, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh