**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRUCE D. BARON, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>      Defendants. | Case No.: 1:25-cv-01877-AMD-LKE<br><br>Hon. Ann M. Donnelly |

**MOHAMMAD TAYARAN'S REPLY IN OPPOSITION**
**TO COMPETING MOTIONS FOR LEAD PLAINTIFF AND LEAD COUNSEL**

## I.    INTRODUCTION

Mohammad Tayaran is the "presumptive" lead plaintiff pursuant to the PSLRA. This is because he possesses the "largest financial interest" in the outcome of the litigation ***and*** has made the necessary *prima facie* showing of typicality and adequacy under Federal Rule of Civil Procedure 23. Neither of the remaining movants have submitted any "proof" necessary to rebut this presumption. Consequently, Mr. Tayaran should be appointed lead plaintiff and his counsel at Levi & Korsinsky, LLP should be approved as lead counsel.

The competing movants here—(i) SOJ Company, LLC and (ii) Messrs. Adam Palas and Carlos Luis Acero Herrero—fail to raise any issues pertaining to Mr. Tayaran's ability to be the lead plaintiff, only arguing that their alleged losses are greater. *See* ECF No. 20 at p. 4; ECF No. 21 at p. 9.  However, these movants fail to satisfy the Rule 23 requirements. First, SOJ Company, LLC's trading patterns resemble that of a day trading vehicle and are in no way typical of the ordinary member of the shareholder class. SOJ Company, LLC traded Canopy Growth securities on 129 days of a possible 252-trading day class period, meaning that it traded securities just over every other day of the class period. On 30 of these trading days, SOJ Company, LLC both purchased and sold Canopy Growth stock on the same day. *See* ECF No. 15-2 (PSLRA Certification). Further, SOJ Company, LLC's trading records show that it profited from the alleged fraud with a gain of approximately $10,000.  *See* ECF No. 19-2 (Mr. Tayaran's spreadsheet calculating SOJ Company, LLC's trading gain). These trading patterns show that SOJ Company, LLC did not rely on Canopy Growth's public statements when trading its securities but instead relied on something else entirely (such as market volatility or algorithmic trading). By engaging in an atypical trading strategy, SOJ Company, LLC will not be able to prove that it "relied" on the alleged fraudulent statements in the case and will be unable to trigger and/or maintain the critical

"fraud on the market" presumption of reliance for purposes of class certification or trial. This renders it incapable of representing the Class. Messrs. Adam Palas and Carlos Luis Acero Herrero should also be disqualified. Most of their trading losses arose from options rather than common stock, making them unrepresentative of the broader class too.

The class should not be subjected to the risks presented by SOJ Company, LLC or Messrs. Adam Palas and Carlos Luis Acero Herrero. The competing movants are atypical class representatives susceptible to unique defenses, while Mr. Tayaran stands ready, willing and able to serve as lead plaintiff. Indeed, Mr. Tayaran has the next "largest financial interest" in the litigation once SOJ Company, LLC and Messrs. Adam Palas and Carlos Luis Acero Herrero are eliminated. With over $95,000 of potentially recoverable losses (*See* ECF No. 12-5), and without being subject to any sort of "unique defense," Mr. Tayaran satisfies the typicality and adequacy requirements of Rule 23 and is by far the "most adequate plaintiff" to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Therefore, the Court should grant Mr. Tayaran's motion and approve him and his chosen counsel as lead plaintiff and lead counsel, respectively.

## II.    ARGUMENT

### A.    SOJ Company, LLC Cannot Serve as the Lead Plaintiff Because It is Atypical and Subject to Unique Defenses.

In their opposition briefs, SOJ Company, LLC and Messrs. Adam Palas and Carlos Luis Acero Herrero each claim that they are entitled to the "most adequate plaintiff" presumption simply because they claim to have the largest financial interest. But this is entirely against both the PSLRA and case law. Not only does the "most adequate plaintiff" need to have the "largest financial interest" they must *also* satisfy Rule 23's typicality and adequacy requirements *before* the presumption is triggered. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Indeed, there has been "no argument against [Mr. Tayaran] other than pointing out [his] relatively low financial stake in the

2

litigation." *Tsirekidze v. Syntax-Brillian Corp.,* No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562, at \*19 (D. Ariz. Apr. 4, 2008) (appointing investor that lacked the largest financial interest as lead plaintiff). *See also* ECF Nos. 20 and 21 (the Opposition Briefs of SOJ Company, LLC and Messrs. Adam Palas and Carlos Luis Acero Herrero). In fact, Messrs. Adam Palas and Carlos Luis Acero Herrero state in their opposition brief that Mr. Tayaran is one of the "only eligible competing movants".  *See* ECF No. 21 at p.9.

Here, SOJ Company, LLC is not typical of the Class it seeks to represent because it engaged in "in-and-out" trading throughout the Class Period that would "dog" the Class during the life of this litigation should it be appointed. *See Rodriguez v. Draftkings Inc.*, No. 21 Civ. 5739 (PAE), et al., 2021 WL 5282006, at \*10 (S.D.N.Y. Nov. 12, 2021) (rejecting in-and-out trader as lead plaintiff where atypicality issues would prejudice class in later stages of litigation) (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 228 (1988)).

Specifically, shareholders that engage in in-and-out trading strategies are unable to establish the element of "reliance" in a Section 10(b) and Rule 10b-5 securities fraud lawsuit, as their trading pattern suggests they did not rely on the alleged misstatements and omissions. As explained in Mr. Tayaran's opposition, SOJ Company, LLC had patterns of buying Canopy Growth shares and then selling nearly all its shares before the end of the Class Period. *See* ECF Nos. 15-1 and 15-3. In the context of lead plaintiff decisions, courts around the country routinely hold that a lead plaintiff movant's financial interest cannot include losses that are unrecoverable, i.e., unrelated to the alleged fraud. This most commonly arises where, as here, movants attempt to claim losses on transactions that occurred prior to the revelation of the alleged fraud. *See, e.g., Sallustro v. Cannavest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (collecting cases). When applying *Dura* and disregarding any losses attributable to these "in-and-out" trades (i.e., trades

3

resulting in losses that were not caused by the alleged fraud), SOJ Company, LLC's has a trading gain of over $10,000. *See* ECF No. 19-2 (spreadsheet identifying SOJ Company, LLC's transactions that resulted in either no recoverable loss or a trading gain). This type of trading pattern raises issues of "reliance" as it is unclear if SOJ Company, LLC relied on Defendants' alleged misrepresentations or traded on unrelated factors, such as abnormalities in the movement of Canopy Growth's stock price. If the latter is true, Defendants may be able to successfully rebut the "fraud-on-the-market" presumption of reliance and leave the Class unable to satisfy "predominance" under Rule 23(b) during class certification proceedings. *See, e.g.*, *Semerenko v. Cendant Corp.*, 223 F.3d 165, 179 n.7 (3d Cir. 2000) ("the defendant may also rebut the presumption by showing that the investor would have purchased or sold the securities at that price even with full knowledge of the misrepresentation, that the investor traded in the securities based on an actual belief that the market price was inaccurate, or that the investor's decision to trade was based on some factor other than the market price.").

Indeed, SOJ Company, LLC traded on over 50% of the Class Period's trading days, including many days on which there was no news about Canopy Growth. These trading days also included no less than 30 days in which SOJ Company, LLC bought *and* sold its Canopy Growth shares. *See* ECF No. 15-2 (PSLRA Certification). Based on these trading patterns, Defendants will argue that SOJ Company, LLC was not relying on any alleged false statement and, in turn, should not be able to avail themselves of the "fraud-on-the-market" presumption of reliance. *See* *Draftkings*, 2021 WL 5282006, at *10 (rejecting movant because of potential reliance defenses and collecting cases holding similarly); *see also Plymouth Cty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 719 (S.D. Tex. 2021) (high-frequency trader "raise[s] serious concerns about [a movant's] typicality and about his susceptibility to the defense that he was trading in response to

4

information other than the alleged misstatements and omissions" and ultimately rejected movant); *Marcus v. J.C. Penney Co.*, Nos. 6:13-CV-736, et. al., 2014 WL 11394911, at *7 (E.D. Tex. Feb. 28, 2014) (rejecting movant engaged in "rapid trading activity," as "[t]his activity would not be typical of the class because the proposed class's damages stem from reliance on Defendant's financial statements"); *Porzio v. Overseas Shipholding Grp.*, 12 Civ. 7948, et. al., 2013 WL 407678, at *3 (S.D.N.Y. Feb. 1, 2013) ("Even if the alleged losses [of in-and-out traders] could, on some theory, establish the greatest financial interest, . . . the OSG Investor Group is subject to 'unique defenses that render [them] incapable of adequately representing the class,' thus rebutting any presumptive lead plaintiff status."); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 241 (E.D.N.Y. 2011) ("Having considered the parties' respective arguments, the Court finds that the Fund has failed to demonstrate that it will be an adequate lead plaintiff because it was a total in-and-out trader and may be unable to demonstrate loss causation."); *In re Veeco Instruments, Inc.,* 233 F.R.D. 330, 333-34 (S.D.N.Y. 2005) (investor who sold stock prior to any corrective disclosure would "at the very least, [be] subject to a unique defense").

Where, as here, a movant presents "unique defenses" based on "in-and-out" trading strategy, courts routinely refuse to allow the movant to serve as lead plaintiff or class representative. *See*, *e.g., George v. China Auto. Sys., Inc.*, No. 11 Civ. 7533(KBF), 2013 WL 3357170, at *7 (S.D.N.Y. July 3, 2013) (denying class certification where lead plaintiffs "subject[ed] themselves to unique inquiries regarding their trading patterns and why they made investment decisions… These inquiries will also require considerable time and resources and indeed threaten to become the focus of the litigation."); *In re Safeguard Scis.,* 216 F.R.D. 577, 582 (E.D. Pa. 2003) ("In light of Lead Plaintiff Adal's employment as a day trader (or 'position trader') who typically focuses on technical price movements rather than price, we find that even under a

5

fraud-on-the-market theory, Defendants have presented compelling reason to rebut the reliance presumption.").

In selecting a lead plaintiff, the Court's concern is not whether Defendants will ultimately succeed on a "unique defense." *Batter v. Hecla Mining Co. et al.,* Nos. 19-cv-4883 (ALC), et. al., 2020 WL 1444934, at \*7 (S.D.N.Y. Mar. 25, 2020) ("Where there is at least a potential that the presumptively most adequate Lead Plaintiff will be subject to unique defenses . . . disqualification is appropriate."); *Schaffer v. Horizon Pharma plc,* No. 16-CV-1763 (JMF), 2016 WL 3566238, at \*3 (S.D.N.Y. June 27, 2016) ("[M]any courts have rejected appointments of Lead Plaintiffs based on *potential* risks.") (emphasis in original). Instead, the Court should deny SOJ Company, LLC's motion because there is no reason to subject the Class to the risk that class certification will be denied, or even that there will be an expensive and lengthy distraction litigating its status as an in-and-out trader.[1]

---

[1] SOJ Company, LLC still has not provided any probative information to demonstrate its adequacy under *Perez v. Hexo Corp.,* 2020 U.S. Dist. LEXIS 32381, at \*6 (S.D.N.Y. Feb. 25, 2020), and numerous other cases holding that a movant must make at least some background information to evidence its adequacy to serve as the lead plaintiff. *See* ECF No. 19 pp. 7-8 (Mr. Tayaran's Opposition Brief). Any belated attempt to include this information in the record on reply would be improper and should not be allowed. *See Karp v. Diebold Nixdorf, Inc.,* 2019 U.S. Dist. LEXIS 188670, at \*16 (S.D.N.Y. Oct. 30, 2019) (denying lead plaintiff motion of movants who "provided the Court with little to go on with respect to their alleged capacity to manage this litigation"); *Gross v. AT&T Inc.,* No. 19-CV-2892 (VEC), 2019 U.S. Dist. LEXIS 225777, at \*6 (S.D.N.Y. June 24, 2019) (denying lead plaintiff motion of movant who "failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 U.S. Dist. LEXIS 15012, at \*10 (N.D. Ill. Jan. 28, 2020) ("to make a *prima facie* showing of adequacy, "a movant must supply *some* information about its ability to perform the role of lead plaintiff diligently and effectively."); *Camp v. Qualcomm Inc.,* Case No.: 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269, at \*8 (S.D. Cal. Jan. 22, 2019) (declining to appoint individual with largest financial interest as lead plaintiff in light of his failure "to include any basic details about himself" even after information was provided on opposition).

**B.      Movants Adam Palas and Carlos Luis Acero Herrero Incurred Most of**

**Their Losses from Option Trading.**

Messrs. Palas and Herrero would be considered atypical movants since the majority of the securities they purchased were securities other than common stock. *See Di Scala v. ProShares Ultra Bloomberg Crude Oil,* No. 20 Civ. 5865 (NRB), 2020 U.S. Dist. LEXIS 242969, at *10 (S.D.N.Y. Dec. 28, 2020) (declining to appoint movant whose losses "overwhelmingly reflect his sale of put options, raising issues of his typicality and adequacy"); *Cook*, 2019 U.S. Dist. LEXIS 51962, at *7 (same where more than 60% of movant's losses arose from options trading).

Given the inherent differences between Canopy Growth's common stock and options, Messrs. Palas and Herrero are not typical of the vast majority of the proposed class and, therefore, cannot fairly and adequately serve as the lead plaintiffs. Looking to the precedent set forth by the *Di Scala* and *Cook* courts, Messrs. Palas and Herrero are atypical, and this Court should rule in the same way. *See Patel v. Reata Pharm., Inc.*, 549 F. Supp. 3d 559, 567 (E.D. Tex. 2021) ("some courts have held that lead-plaintiff movants are atypical of or inadequate to represent a class largely consisting of common shareholders when a substantial portion of their losses are based on options […] like in *Cook* and *Di Scala*, the fact that Massar's losses during the Class Period were based solely on option contracts renders Massar atypical of the putative class.").

At the lead plaintiff stage of the litigation it does not need to be proven with 100% certainty that Messrs. Palas and Herrero will be subject to a unique defense. A "unique defense" need not be guaranteed, disqualification is appropriate even if the defense could *potentially* be an issue. *See Schaffer,* 2016 U.S. Dist. LEXIS 83175, at *10 ("many courts have rejected appointments of lead plaintiffs based on potential risks."); *see also Gross*, 2019 U.S. Dist. LEXIS 128615, at *6 ("Before disqualifying a potential lead plaintiff on [the basis that he is subject to a unique defense], the

7

Court need not conclude that the defense is likely to or will succeed."). While the proposed class in this case consists of purchasers of "Canopy securities" (Dkt. No. 1, ¶1), the fact remains that common stockholders will comprise the overwhelming majority of the class. Messrs. Palas and Herrero are not typical of the majority of the proposed class and, therefore, cannot fairly and adequately serve as the lead plaintiffs. Since there is a potential risk that Messrs. Palas and Herrero could be subject to a unique defense due to their purchase of options rather than common stock, Messrs. Palas and Herrero should be considered inadequate lead plaintiffs.

### C.    Mohammad Tayaran Should Be Appointed Lead Plaintiff.

Once SOJ Company, LLC and Messrs. Palas and Herrero are disqualified, Mr. Tayaran becomes the presumptive lead plaintiff. The "strong presumption" in favor of appointing Mr. Tayaran as Lead Plaintiff can only be rebutted with "proof" that Mr. Tayaran is somehow atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y. Dec. 6, 2012) ("***exacting proof***" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff). "Mere speculation" is insufficient to rebut the lead plaintiff presumption. *In re Turquoise Hill Res. Ltd.,* No. 20-cv-8585 (LJL), 2021 WL 148752, at *5 (S.D.N.Y. Jan. 15, 2021) (citing *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("[T]he conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff.")). No such proof exists here. Mr. Tayaran has no conflicts with the members of the class and is motivated to recover the heavy losses he suffered. Accordingly, Mr. Tayaran is both typical and adequate and his Motion should be granted in its entirety.

### III.    CONCLUSION

For the foregoing reasons, Mr. Tayaran respectfully requests that the Court grant his

8

Motion and enter an Order: (1) appointing Mr. Tayaran as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: June 24, 2025                                        Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Mohammad Tayaran and*
*[Proposed] Lead Counsel for the Class*

9

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Movant, certifies that this brief contains 3,062 words, which complies with the word limit of L.R. 7.1(c).


Executed on June 24, 2025.


/s/ *Adam M. Apton*
Adam M. Apton