# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE D. BARON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No.  1:25-cv-01877-AMD-LKE |

[PROPOSED] SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION OF ADAM PALAS AND CARLOS LUIS ACERO HERRERO FOR
APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL

Co-Lead Plaintiff Movants Palas[1] and Herrero respectfully submit this proposed sur-reply memorandum of law in further support of their motion for appointment as Co-Lead Plaintiffs and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 16).

## PRELIMINARY STATEMENT

On June 3, 2025, SOJ filed a motion for appointment as Lead Plaintiff in this Action. Although SOJ claimed to satisfy Rule 23's adequacy requirement, its assertion was bare and conclusory, consisting of a mere recitation of Rule 23's adequacy standard, followed by boilerplate statements about the qualifications of its chosen litigation counsel and the quantum of its financial interest. Rather than submit a sworn Declaration containing factual attestations by SOJ, signed by its principal—a submission that is essentially standard practice in the context of PSLRA Lead Plaintiff motions—SOJ's counsel merely provided a single, **unsworn** sentence about SOJ's background and identity in its motion brief. *See*, *e.g.*, *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 354 F. Supp. 3d 375, 382 (S.D.N.Y. 2018) ("Statements of counsel . . . in a brief, of course, are not evidence.").

SOJ's failure to provide the Court with any meaningful information about itself was highly conspicuous. In their opposition briefs, both (1) Palas and Herrero and (2) the other competing movant, Tayaran—both of whom **did** submit robust Declarations in support of their respective motions (*see* Dkt. Nos. 12-7, 16-7)—observed that the complete dearth of information about SOJ left the Court wholly unable to evaluate its adequacy under Rule 23. *See* Dkt. No. 21 at 4 ("SOJ is an opaque entity that has failed to provide any meaningful information about itself for the Court to consider in evaluating its adequacy"); Dkt. No. 19 at 7 (noting that "it is unclear who even is or

---

[1] All capitalized terms herein are defined in Palas and Herrero's moving, opposition or reply briefs, unless otherwise indicated. *See* Dkt. Nos. 16-2, 21, 25.

1

are the beneficial owners of the Canopy Growth securities traded by SOJ" and that "a *prima facie* showing of adequacy requires movants to include information necessary to determine if the movant has any conflicts with other class members, and if the movant will be able to effectively oversee counsel.").

Only on June 24, 2025—for the first time in its reply papers, and fully three weeks after filing its initial motion—did SOJ belatedly submit a movant Declaration in support of its motion (the "Reply Declaration") (Dkt. No. 23-1). Yet as discussed below, the Reply Declaration is too little, too late. The fact that it was filed so late in the instant motion practices evinces a troubling lack of engagement in this litigation on the part of SOJ, while the substance of the Reply Declaration continues to leave numerous questions about SOJ unanswered. Either of the foregoing facts alone demonstrates SOJ's inadequacy under Rule 23 and disqualifies it from appointment as Lead Plaintiff.

For the reasons set forth herein, Palas and Herrero respectfully submit that the Court should grant their motion in its entirety and deny the competing motions.

## ARGUMENT

### I.  SOJ HAS NOT ACTIVELY ENGAGED IN THIS LITIGATION

As a threshold matter, Palas and Herrero respectfully submit that the belated timing of SOJ's Declaration demonstrates a troubling lack of engagement in this Action, rendering SOJ inadequate under Rule 23. *See*, *e.g.*, *Haideri v. Jumei International Holding Limited*, No. 20-cv-02751-EMC, 2020 WL 5291872, at *5 (N.D. Cal. Sept. 4, 2020) (finding movants who demonstrated a "lack of commitment to the litigation, including their intent to monitor the litigation" to be inadequate under Rule 23).

Here, SOJ's course of conduct demonstrates, at best, a casual posture toward this litigation that will ill serve the Class's interests and hinder the Court's ability to efficiently and expeditiously

2

adjudicate this litigation.  Unlike the other movants, SOJ did not see fit to tell the Court anything about itself in its initial motion papers.  SOJ might also have provided some additional information when it filed its opposition papers two weeks later, but again, it chose not to.  Rather, SOJ only made its first factual proffer to this Court in its reply papers, and only *after* the competing movants pointed out the glaring absence of information in SOJ's initial motion papers.  Indeed, if not for the competing movants' prodding, it is a near certainty that SOJ *still* would not have told the Court a single meaningful fact about itself.  SOJ's foot-dragging in this respect makes its Reply Declaration attestations regarding its understanding of the obligations of a Lead Plaintiff and its purported readiness to undertake those responsibilities on behalf of the Class (*see generally* Dkt. No. 23-1) somewhat difficult to credit.

## II.    SOJ'S REPLY DECLARATION ONLY RAISES FURTHER QUESTIONS

Leaving aside the timing of its submission, the information in SOJ's Reply Declaration does not cure its inadequacy under Rule 23—rather, it only raises further questions.  *See*, *e.g.*, *Smajlaj v. Brocade Commc'ns Sys. Inc.*, No. C 05-02042 CRB, 2006 WL 7348107, at *11-12 (N.D. Cal. Jan. 12, 2006) (rejecting lead plaintiff movant with the greatest financial interest after concluding that it "will not adequately represent the interests of the plaintiff class" where questions existed as to, *inter alia*, its "authority, transparency, and structure"); *Gross v. AT&T Inc.*, No. 19-CV-2892 (VEC), 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (disqualifying private limited investment company that "lacks basic transparency" because it "failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation").

In the Reply Declaration, SOJ discloses for the first time the involvement of yet *another* opaque entity, a Uruguayan company called WWM URUGAI SAS ("WWM"), which it describes as "*an* 'authorized member' of SOJ", as well as "the beneficial owner of SOJ."  Dkt. No. 23-1 ¶ 5

3

(emphasis added).[2]  Najnudel, SOJ's Manager, asserts that he is "the beneficial owner of WWM." *Id.*  The organization chart below reflects the corporate structure of SOJ as described in the Reply Declaration:



  Rather than clarifying the nature and structure of SOJ, the belated disclosure of WWM's involvement only further muddies the waters.  Apart from owning SOJ, what other business activities does WWM engage in?  What is the source of WWM's investment capital?  If Najnudel is both the Manager of SOJ and the beneficial owner of WWM, why is WWM's involvement in SOJ's corporate structure necessary at all?  More generally, why is an opaque Uruguayan company the beneficial owner and authorized member of a Florida LLC managed by a Brazilian national who also owns the Uruguayan company?  Is there any conflict between Uruguayan and U.S. law that will impede SOJ's ability to take all proper steps necessary to protect the Class's interests?  SOJ has made no showing to allay such potential concerns.  Further, the fact that Najnudel describes WWM merely as "***an*** 'authorized member' of SOJ" rather than "***the*** 'authorized member'' (*i.e.*, the sole authorized member) leaves open the possibility that there are other undisclosed authorized members of SOJ.  Relatedly, the Reply Declaration ***still*** does not answer

---

[2] While Palas and Herrero previously learned of WWM's apparent involvement in SOJ's corporate structure from a review of public records (*see* Dkt. No. 21 at 5, 17-18; Dkt. No. 25 at 8), SOJ itself only disclosed and confirmed WWM's existence and involvement for the first time in its reply papers.

the question of whether anyone other than Najnudel is authorized to make unilateral decisions on SOJ's behalf.

*  *  *  *  *

Palas and Herrero respectfully submit that, after three rounds of motion briefing, the presence of so many unanswered questions about SOJ—coupled with its evident reluctance to provide any information whatsoever about itself—renders SOJ inadequate under Rule 23, thereby precluding its appointment as Lead Plaintiff in this litigation, a role that will entrust it to vigorously prosecute the claims of hundreds or thousands of absent Class members.  A recent decision in the Northern District of California, *Averza v. Super Micro Computer, Inc.*, No. 5:24-cv-06147-EJD, 2025 WL 171455 (N.D. Cal.), discussed the stakes of lead plaintiff appointment for absent class members in PSLRA actions:

> [M]uch is at stake for the putative class.  For the vast majority of putative class members, any settlement of judgment that the lead plaintiff secures is all they will receive.  Unlike [a lead plaintiff movant], which has secured counsel and demonstrated a desire to control its own securities claims, few absent class members will likely be willing or able to opt out and file their own lawsuits.  The relative balance of the stakes means that [in assessing the fitness of lead plaintiff movants] courts should choose a standard that is more protective of the putative class even if that standard restricts the presumptive lead plaintiff's ability to maintain its lead status.

*Id.* at *3.  The absent Class members in this litigation are entitled to a representative who will zealously represent their interests by engaging in this litigation proactively and transparently.  While SOJ has alleged the largest financial interest in the relief sought by the Class in this Action, it has not shown itself to be such a representative, and its appointment as Lead Plaintiff thus risks genuine prejudice to the Class.

## CONCLUSION

For the foregoing reasons, Palas and Herrero respectfully request that the Court issue an

Order granting their motion in all respects.

Dated:  July 2, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Adam Palas and Carlos Luis
Acero Herrero and Proposed Lead Counsel
for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Adam Palas*

6

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Adam Palas and Carlos Luis Acero Herrero, certifies that this brief contains 1,544 words, which complies with the word limit of Local Civil Rule 7.1(c).

Executed on July 2, 2025.

/s/ J. Alexander Hood II
J. Alexander Hood II