# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRUCE D. BARON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No. 1:25-cv-01877-AMD-LKE |

**SOJ COMPANY, LLC'S [PROPOSED] RESPONSE TO ADAM PALAS AND CARLOS LUIS ACERO HERRERO'S SUR-REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF <u>LEAD COUNSEL</u>**

Lead Plaintiff Movant SOJ[1] respectfully submits this memorandum of law in response to the new arguments and questions raised for the first time in Palas and Herrero's Sur-Reply (Dkt. No. 26-1, the "Sur-Reply").

Since SOJ is the presumptively most adequate plaintiff, SOJ should be appointed as lead plaintiff unless Palas and Herrero "prove" that SOJ is inadequate or subject to unique defenses that render SOJ inadequate to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Instead of presenting proof that SOJ is inadequate, Palas and Herrero have adopted the strategy of raising speculative questions about SOJ and claiming (in the same filing) that because the questions have not been answered, SOJ is inadequate. *See* Dkt. No. 21 at 20-24 (Palas and Herrero's opposition to SOJ's lead plaintiff motion). When Mr. Najnudel filed a declaration answering Palas and Herrero's questions (*see* Dkt. No. 23-1), Palas and Herrero filed the Sur-Reply raising new questions and asserting (in the same filing) that because those new questions have not been answered, SOJ is inadequate. *See* Sur-Reply at 3-5. This strategy is legally baseless, and does not prove that SOJ is inadequate to represent the class.[2]

As an initial matter, the fact that Palas and Herrero raised new arguments regarding SOJ's adequacy in the Sur-Reply is a tacit admission that they failed to prove SOJ is inadequate in their earlier briefing.

---

[1] Capitalized terms herein shall have the same meaning as in SOJ's opposition memorandum (Dkt. No. 20)

[2] It is common in the course of lead plaintiff disputes for the movants' counsel to contact each other to acquire additional information if there is a piece of undisclosed information that may reasonably bear on a movant's adequacy. To date, counsel for Palas and Herrero have not contacted counsel for SOJ to request additional information—presumably because they (rightly) assumed it would reveal nothing material regarding SOJ's adequacy, and because it would interfered with Palas and Herrero's strategy of asking speculative questions.

Like Palas and Herrero's earlier arguments, the new arguments raised in the Sur-Reply do not prove that SOJ is inadequate. Once again, Palas and Herrero raise new arguments primarily in the form of speculative questions, asking:

> Apart from owning SOJ, what other business activities does WWM engage in? What is the source of WWM's investment capital? . . . [W]hy is [WWM] the beneficial owner and authorized member of [SOJ] . . . ? Is there any conflict between Uruguayan and U.S. law that will impede SOJ's ability to take all proper steps necessary to protect the Class's interests?

Sur-Reply at 4. Palas and Herrero also speculate that there is a "possibility that there are other undisclosed authorized members of SOJ[" and that it is possible that someone "other than Najnudel is authorized to make unilateral decisions on SOJ's behalf." *Id.* at 4-5. Palas and Herrero argue that because they do not know the answers to these questions (because their counsel made no effort to determine the answers to these questions), the answers might demonstrate that SOJ is inadequate. These arguments are legally and factually baseless.

The arguments are legally baseless because speculative assertions, without evidence, are insufficient to prove that SOJ is inadequate. *See In re Synergy Pharms. Inc. Sec. Litig.*, 2020 WL 5763830, at *4 (E.D.N.Y. Sept. 28, 2020) (proof demands "specific evidentiary support" of the "actual or potential conflict of interest or a unique defense") (citation omitted); *Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) ("Conclusory assertions and mere speculation will not suffice."). Moreover, here, Palas and Herrero's speculative *questions* do not even rise to the level of being "assertions." For example, Palas and Herrero ask whether "there [is] any conflict between Uruguayan and U.S. law that will impede SOJ's ability" to adequately represent the class, but do not offer any examples of plausible conflicts. Counsel for SOJ (a Florida LLC) is not aware of any conflicts. Such speculation is not proof that SOJ is inadequate.

2

Palas and Herrero's new arguments are also factually baseless because the answers to their new questions do not demonstrate that SOJ is inadequate. Mr. Najnudel has submitted a declaration herewith answering Palas and Herrero's new questions. *See* Declaration of Marcelo Najnudel in Further Support of SOJ Company, LLC's Motion for Appointment as Lead Plaintiff and Approval of Co-Lead Counsel (submitted herewith as Exhibit B to the Letter Motion for Leave).

Palas and Herrero have failed to rebut the presumption that SOJ is the most adequate lead plaintiff movant. Accordingly, SOJ should be appointed as lead plaintiff, and its selection of counsel should be approved.

                                                    Respectfully submitted,

DATED: July 8, 2025                                 **GLANCY PRONGAY & MURRAY LLP**

                                                    By:  */s/ Gregory B. Linkh*
                                                    Gregory B. Linkh (GL-0477)
                                                    230 Park Ave., Suite 358
                                                    New York, NY 10169
                                                    Telephone: (212) 682-5340
                                                    Facsimile: (212) 884-0988
                                                    glinkh@glancylaw.com

                                                    Robert V. Prongay
                                                    Charles H. Linehan
                                                    1925 Century Park East, Suite 2100
                                                    Los Angeles, CA 90067
                                                    Telephone: (310) 201-9150
                                                    Facsimile: (310) 201-9160

                                                    **HOLZER & HOLZER, LLC**
                                                    Corey D. Holzer
                                                    211 Perimeter Center Parkway, Suite 1010
                                                    Atlanta, Georgia 30346
                                                    Telephone: (770) 392-0090
                                                    Facsimile: (770) 392-0029

                                                    *Counsel for SOJ COMPANY, LLC and Proposed Co-Lead Counsel for the Class*

3

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for SOJ COMPANY, LLC certifies that this brief contains 762 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh